Turcotte, P. J.
The judge’s findings, the reported facts, and the facts referred to by both parties in their briefs are in agreement.[2]
The defendant, Mercier, purchased an automobile from a dealer on October 31, 1985. She obtained a loan for the purchase price and signed a “Motor Vehicle Installment Sale Contract and Security Agreement” at the dealer’s place of business. It provided for monthly payments and a security interest to be retained by the dealer. The dealer thereafter went to the home of defendant Cavalier at the request of Mercier and Cavalier signed the same document to aid Mercier in obtaining the loan and the automobile. The title of the automobile was put in the name of a daughter of Mercier and the installment sale contract assigned to the plaintiff bank.
Payments were not made monthly and the automobile was voluntarily placed in possession of the bank. After notice and advertisement, the automobile was sold at auction for fair market value. The bank then sued the defendants for a deficiency by complaint filed on June 16,1986. On June 29, 1986 the defendants gave notice to the dealer and the bank that they rescinded the contract.
The defendants claim to be aggrieved by the denial of their requests for rulings of law. They argue that the judge was in error in making his finding for the plaintiff in spite of the notice of rescission.
The defendants first argue that M.G.L. Chapter 92, §48 allows such rescission. That argument fails since the judge found the parties to the agreement were defendant Mercier and the dealer. The statute is applicable to an agreement, — “consummated by a party thereto at a place other than the address of the seller — ”.
They next argue that M.G.L. Chapter 140D, §10 allows such a rescission. They acknowledge that this statute is applicable only where a security interest is acquired in property used as the principal dwelling of the person to whom credit is obtained, but argue the attachment oi the real estate obtained after the complaint was filed is a security interest, and allows the rescission of the consumer credit transaction. We do not accept this argument. The document associated with the consumer credit transaction itself must provide the security in the property used as the principal dwelling.[3]
*84 Finally, the defendants argue that the security agreement when signed contained blanks, and this fact bars recovery citing M.G.L. 255B, § § 12 and 22.[4] M.G.L. 255B, §12 prohibits the signing of any retail installment contract where it contains blank spaces to be filled in after signing. This argument fails since the record shows the blanks were never filled in either before or after the agreement was signed.
The Report is dismissed.

 Neither party argued orally.

 The statute reads “in the case ofr anv consumer credit transaction — in which a security interest— is or will be retained or acquired — in any property — used as the principal dwelling" (emphasis supplied).

 Section 22 prohibits recovery of a deficiency where section 12 is violated.